IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR PIECHOCKI | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-18-4020 |
| BALTIMORE CO. THIRD JUDICIAL CIRCUIT OF MARYLAND, | * | |
| BALTIMORE CO. STATE'S ATTORNEY OFFICE, | * | |
| | * | |
| Respondents | | |

\*\*\*

**MEMORANDUM OPINION**

The above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was received for filing on December 20, 2018. This represents Petitioner Victor Piechocki's second such petition challenging his detention in the Baltimore County Detention Center pending resolution of criminal charges against him. His first petition was dismissed without prejudice on December 3, 2018, because it failed to state a basis for federal habeas relief. *See Piechocki v. Balt. Co. Third Jud. Cir. of Md.*, Civil Action DKC-18-3566 (D. Md. 2018) at ECF No. 2 & 3.

In the instant petition, Piechocki asserts that prior to his receipt of this court's dispositive decision he was unaware that the Circuit Court for Baltimore County had ordered his evaluation pursuant to Md. Health Gen., Code Ann. § 8-505 and now asserts that his assigned Public Defender asked for the evaluation without his consent. ECF No. 1 at pp. 1-2. He further claims that he has a viable self-defense claim, but the state court, the State's Attorney, and the Public Defender are attempting to coerce him into accepting a Not Criminally Responsible (NCR) plea. *Id*. at p. 2. He states that he has epilepsy and has been labeled with a "forced mental illness diagnosis" and claims that the State's Attorney, Public Defender, and state court are "trying to use hospital warrants,

mental illness pleas and competency evaluations that are irrelevant to this case" as a means of harassment with the effect of keeping him incarcerated or otherwise confined. *Id*. at p. 3. He further claims that there is exculpatory evidence that is "not being used . . . that proves [his] innocence." *Id*. Piechocki relies upon these factors to support his conclusion that he is the subject of discrimination based on his disability which constitutes "special circumstances" warranting this court's intervention through federal habeas relief. *Id*. at pp. 3-4. Piechocki asserts that "[a]ll State remedies have been exhausted or compromised" and seeks an Order from this court requiring his release because his constitutional rights have been violated. *Id*. at p. 7.

There is currently an open and active indictment against Piechocki pending in the Circuit Court for Baltimore County on charges of first degree assault, second degree assault, and wear and carry a dangerous weapon with intent to injure. *See State of Md. v. Piechocki*, Case No. 6C00457001 (Balt. Co. Cir. Ct., March 12, 2018); http://casesearch.courts.state.md.us/inquiry. Trial was postponed on November 8, 2018, and a new trial date appears to have been set for February 27, 2019. *Id*. Contrary to Piechocki's assertion otherwise, State remedies have not been exhausted as a merits trial has not occurred. The issues Piechocki raises, particularly with respect to the presentation of his defense, may be resolved when he is tried on the indictment. Further, it is not the role of this court to oversee State criminal prosecutions. As noted in the court's prior decision, § 2241 relief for a pre-trial detainee in State custody is only available when special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of

the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). Piechocki's bald assertions of a conspiracy among the State court, the State's Attorney, and the Public Defender and his disagreement with the State court's decision to order his evaluation are not sufficient grounds for this court to order federal habeas relief. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, by separate Order which follows, the Petition for Writ of Habeas Corpus shall be dismissed without prejudice.

January 7, 2019                                                    /s/
                                                           DEBORAH K. CHASANOW
                                                           United States District Judge